HAROLD C. AVE, Respondent, *v.* THOMAS J. DORSEY, Appellant.

First Department, November 29, 1929.

*Edward S. Dore* of counsel [*William L. Wemple* with him on the brief; *Worcester, Williams & Saxe,* attorneys], for the appellant.

*Cyrus B. Austin,* for the respondent.

FINCH, J. The defendant appeals from a judgment in favor of plaintiff, entered upon the verdict of a jury. The question presented is whether the defendant is in default under a contract between the parties whereby the plaintiff agreed for five years from April 12, 1923, to render services as a professional boxer solely to the defendant who would act as manager, and pay plaintiff seventy-five per cent of all moneys derived from the plaintiff's services, which he guaranteed would amount to not less than $1,000 a year. At the time this contract was made the plaintiff was a senior student in a college in Ohio. The defendant resides in New York. After the making of the contract, the plaintiff returned to Ohio to complete his college course. On April 13, 1923, the defendant wrote the plaintiff asking when he would be in shape and suggesting that plaintiff get to work in the gym and on the road, also requesting a picture of the plaintiff for use in publicity work. The plaintiff in response forwarded a picture to the defendant and wrote that he hoped to hear from the defendant in the future in regard to engagements. This letter and picture the defendant received and acknowledged on April 28, 1923, advising the plaintiff to go to Toronto for a fight in order to acquire publicity. The plaintiff replied that he had an opportunity to fight in Toronto and was taking advantage of it. The plaintiff graduated in June, 1923, sent the defendant an invitation to his commencement, and the latter returned congratulations. Thereafter the plaintiff graduated from college and took employment in Ohio. In April, 1924, he came to Madison Square Garden to compete in an amateur boxing meet, and again met the defendant, whereupon plaintiff testified he asked the defendant " about when we were going to make some money," and that the defendant replied, as soon as plaintiff made a trip to the Olympic Games, and advised him to try and make that trip. The plaintiff on April 26, 1924, fought in an Olympic district tryout at Pittsburgh, and was knocked out

in his first bout. He never notified the defendant of this, but returned to his employment of teaching in a high school at Cleveland, Ohio; in June, 1925, took employment as manager of a summer camp for boys, and in the fall of that year returned to his employment in the high school. The defendant testified that the last communication he had with the plaintiff was the letter in answer to the defendant's letter of April 28, 1923, saying the plaintiff was going to Toronto to fight. The plaintiff on the other hand testified that on November 27, 1925, he sent to the defendant a letter reading as follows:

"Dear Friend DORSEY:

"It has been a long time since I have heard from you, although I have written you several times.

"I am anxious to get started boxing and I have waited to hear from you. I would like to know what you have done, and what you expect to line up for me. I am sure we could be making some money if you were on the job. I am getting old and if I wait too long I'll be losing because I am in my boxing prime now.

"Let me know by return mail what your intentions are."

The plaintiff by this letter clearly attempted to prove a tender and demand of performance upon the defendant. It is equally clear that in the case at bar such a demand is an essential element of the plaintiff's case. There was thus a clear issue of fact as to whether there had been a tender and demand for performance upon the part of the plaintiff.

The trial court, however, charged the jury that under the contract "it was not necessary for the plaintiff to notify the defendant that he was ready to do anything, because the contract provides that he is ready; and I charge you further that if the defendant wanted the plaintiff to come to New York to do any boxing or any training under the contract, it was his duty to notify the plaintiff that he wanted him to come here, or wanted him to fight, or wanted him to train, or whatever it might be." To this the defendant duly excepted.

Under this charge the jury might find for the plaintiff even if they found that the defendant never received the letter which the plaintiff claimed to have sent him.

Upon this record neither party could hold the other in default by merely being quiescent. An express demand for performance is necessary before either party could place the other in default.

The case is one where there could only be a complete performance of the contract by concurrent acts of the parties, and in such case, as pointed out by Judge COLLIN in *Rosenthal P. Co.* v. *Nat. Folding B. & P. Co.* (226 N. Y. 313, 322): "Neither party can maintain

the action until he has performed or tendered performance of his part of the agreement. A plaintiff must aver and prove performance, or a tender or waiver of performance, or a fact excusing non-performance."

·Although not directly presented upon the trial, it would seem that there is also an issue as to whether there was not a mutual aba ndonment of this contract by both parties.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.