**VIDAL et al. v. TRANSCONTINENTAL & WESTERN AIR, Inc.**

No. 7641.

Circuit Court of Appeals, Third Circuit.

May 13, 1941.

Granville Whittlesey, Jr., of New York City (Richards, Layton & Finger, of Wilmington, Del., Phil E. Gilbert, Jr., and Donovan, Leisure, Newton & Lumbard, all of New York City, on the brief), for appellants.

Josiah Marvel, Jr., of Wilmington, Del. (Marvel & Morford, of Wilmington, Del., and Horace G. Hitchcock, Dwight R. Collin, and Chadbourne, Wallace, Parke & Whiteside, all of New York City, on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This action for breach of contract was tried by the court below without a jury. This appeal by the plaintiffs is from the action of the trial court in dismissing their complaint. By the terms of the contract, which bears date of April 14, 1937, the defendant agreed to sell and the plaintiff agreed to buy four used airplanes of a specified type belonging to the seller. The price was stipulated and payment was to be made by certified check upon delivery of the airplanes to the buyer at the Municipal Airport, Kansas City, Missouri. The date for delivery was stated to be June 1, 1937. As to the date of delivery, however, the seller's obligation to deliver on June 1 was qualified by saying "unless on that date we have not received a sufficient number of Douglas DC-3 or SDT airplanes to enable us to withdraw from service the airplanes to be purchased by you, in which event such airplanes shall be delivered to you and you agree to make payment within five (5) days after notice from us to you that such airplanes are ready for delivery to you." The buyers were privileged, by a following clause, to withdraw from the agreement if the seller was unable to deliver on or before July 1, 1937.

Twelve days later one of the buyers telegraphed to Mr. Frye, president of the defendant corporation (the seller), asking "Can you let us know approximate dates delivery * * *." Mr. Frye replied the same day: "Can deliver first ship June first and others by July tenth subject no further delays by Douglas." Plaintiffs did not answer this telegram. The trial court found as a fact that on June 1 the defendant was ready, able and willing to deliver one of the planes described in the contract to the plaintiffs at Municipal Airport in Kansas City, Missouri, and that after June 1 and on and prior to July 10 the defendant was ready, able and willing to deliver all of the four airplanes at the place specified. It was also found as a fact that the plaintiffs did not on June 1 or any other date either tender payment on any or all of the machines nor request delivery. Plaintiffs' action for damages was begun in the United States District Court for the District of Delaware on October 8, 1938.

■ What are the respective rights and duties of the parties in a contract of this kind? Assume, for the moment, that there had been no qualifying clause with regard to time of delivery and there was a simple contract promising delivery by the seller to the buyer of specified goods at a definite time and place and neither party demanded performance from the other or tendered his own. Has either a right against the other? Payment and delivery are concurrent conditions since both parties are bound to render performance at the same time. Restatement, Contracts, § 251. In such a case, as Williston[1] points out, neither party can maintain an action against the other without first making an offer of performance himself. Otherwise, if each stayed at home ready and willing to perform each would have a right of action against the other. " * * * to maintain an action at law the plaintiff must not only be ready and willing but he must have manifested this before bringing his action, by some offer of performance to the defendant, * * * It is one of the consequences of concurrent conditions that a situation may arise where no right of action ever arises against either party * * * so long as both parties remain inactive, neither is liable * * *."[2] This statement by the learned author not only has the force of his authority and that of many decisions from many states, but is also sound common sense. It is not an unfair requirement that a party complaining of another's conduct should be required to show that the other has fallen short in the performance of a legal obligation.

In the instant case, however, the problem is not quite so simple as that just put hypothetically. The seller was to be relieved from performance on June 1 if it had not received sufficient new airplanes to replace those to be sold the buyers. This fact is stressed by the plaintiffs who quote Williston on Sales, 2d Ed., § 457 to the effect that the party who has knowledge of the event which conditions the obligation should give notice to the other if the fact is within the knowledge of the former and not of the latter.

■ But that rule does not settle this lawsuit. The subsequent exchange of telegrams already mentioned has vital importance. We agree with the conclusion of the trial judge that this exchange had the effect of fixing definite dates for delivery. The new delivery dates were different from the terms stipulated in the original contract. They came within the scope of the buyers' privilege (expressed in the original contract) to withdraw from the transaction, but the privilege was never exercised. The buyers made no objection to these delivery dates. On the contrary, a memorandum made by one of them on May 13 speaks of "delivery of planes as agreed in present contract on dates as set forth in J. F's. recent telegram, namely June and July." Furthermore, shortly after the exchange of telegrams one of the plaintiffs spoke to Mr. Frye by telephone. They discussed the sending of the buyers' personnel to Kansas City for training with the planes. In this conversation reference was made to the fact that the first plane was due on June 1. This evidence indicated the interpretation which was given by the parties themselves. The court below properly concluded that definite delivery dates had been set, subject only to a duty on the part of the seller to give notice of any delay by Douglas which would alter those dates. No delays occurred and the seller had the planes ready on the dates agreed upon. It was the duty of the buyers to make some offer of performance in order to put the seller in default.

---

[1] Williston on Sales, 2d Ed., § 448.    [2] Williston on Contracts, 2d Ed., § 832.

No problem of choice of law is presented since this is the rule both in New York, the place where the contract was entered into, and in Missouri, the place of performance. Jose v. Aufderheide, 1927, 222 Mo.App. 524, 293 S.W. 476; Ave v. Dorsey, 1929, 227 App.Div. 372, 237 N.Y.S. 453, affirmed, 254 N.Y. 557, 173 N.E. 865.

The conclusion is, therefore, that the defendant is not in default. Neither side having demanded performance by the other, neither side is in a position to complain or to assert any claim in an action of law against the other. This view of the case makes it unnecessary to examine the testimony which asserts that the buyers either abandoned or repudiated the contract prior to the time of the performance.

The judgment is affirmed.